Freeman *vs.* Worrill.

A. H. FREEMAN, plaintiff in error, *vs.* E. H. WORRILL, defendant in error.

Where there was a contest between two creditors, for the administration of the estate of their debtor, and it appeared that W. was a creditor for $2,000 00, and F. a creditor for $150 00, that both were creditors by promissory note, and that the estate was insolvent:

*Held,* That it was error in the Court to exclude from the jury, evidence that a large portion of the other creditors, some of whom were judgment and mortgage creditors, preferred the appointment of F. Whilst such preference was not imperative, it was still matter proper for the consideration of the jury.

Administration on Estates.    Before Judge BIGBY.    Meriwether Superior Court.    August Term, 1870.

Campbell died insolvent. Worrill and Freeman each applied, as creditor, for administration, and the Ordinary granted it to Freeman. The cause was on the appeal in the Superior Court. Worrill testified, that when he applied for letters of administration in the Court of Ordinary he thought he would realize something on his $2,000 00 note on the estate, but now saw that mortgages and judgments would absorb the estate, but he claimed the administration as largest creditor, and put in evidence said note.

Freeman testified, that the estate owed him nothing but a promissory note for $150 00, but presented as evidence a request from various creditors, whose debts amounted to $40,000 00, asking him to administer, and, upon that, claimed the right over Worrill. The Court rejected this evidence, and instructed the jury that the creditor having the largest debt was entitled to the administration, and they found in favor of Worrill. This action of the Court is assigned as error.

GEORGE L. PEAVY, for plaintiff in error.

E. H. WORRILL, by B. HILL, for defendant.

Freeman *vs.* Worrill.

McCay, J.

Section 2458, paragraph 5, of the Code, is in these words, on the subject of the appointment of creditors as administrator: "When no application is made by the next of kin, a creditor may be appointed; and among creditors, as a *general rule*, the one having the greatest interest will be preferred." The next paragraph is in these words: "The persons entitled to an estate may select a disinterested person as administrator, and if otherwise competent, he shall be appointed."

This is an insolvent estate. The next of kin are out of the way, and the contest is between creditors.

Clearly, it is not simply the *largest* creditor that is entitled. The words of the Code are, the one having the *greatest interest* will, as a *general rule*, be preferred. Under this rule, a creditor of superior dignity, whose claim would sweep the estate, would surely have preference of one whose debt would get nothing, though it were much the largest in amount. In this case, it would appear, from the evidence, that neither of the contestants stand much chance of getting anything, since the judgments and mortgages will, probably, absorb the assets, and they both are only holders of promissory notes.

The very language of the Code implies that, in the case of creditors, the rule of preference is not imperative. The words are, "as a *general rule*." This implies that other circumstances may be considered. Under our system, the jury is, under the rules of law, to decide. Ought they not to have the facts? The wishes of the majority of those at interest is, as it seems to us, a material fact; the residence of the parties is another. We think the Court erred in excluding these facts from the jury. Especially do we think this, as to the wishes of the mortgage and judgment creditors who have the *largest* interest in the estate.

Judgment reversed.